UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LUIS E. ALAMO and : 
RITA C. SABELLI-ALAMO, : 
    Plaintiffs : 
 : CIVIL NO. 1:11-CV-2146
    v. : 
 : 
MARIROSA LAMAS, *et al.*, : 
    Defendants : 

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    We are considering Plaintiffs' objections to the Report and Recommendation of Magistrate Judge Smyser (Doc. 11), which recommends that we dismiss the amended complaint with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).[1]

---

[1] Section 1915A provides:
(a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

Since objections were filed, we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Plaintiffs, Luis E. Alamo ("Alamo") and Rita C. Sabelli-Alamo ("Sabelli-Alamo"), are husband and wife. Alamo is currently a state prisoner and challenges his disciplinary sentence for a prison visiting room infraction, his placement in administrative custody, and his transfer to another institution. Both Plaintiffs challenge the suspension of Sabelli-Alamo's visiting privileges. Plaintiffs filed a complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated their rights to due process, equal protection, the First Amendment, and the Eighth Amendment. Magistrate Judge Smyser found that Plaintiffs' amended complaint fails to state a claim upon which relief can be granted.

Plaintiffs filed objections to Magistrate Judge Smyser's finding, and they detail several incidents that they allege, taken together, show Defendants' intent to discriminate. These incidents include three disciplinary proceedings following visitations and false allegations that Alamo was involved with an escape plan. Plaintiffs' objections do not address the remaining portions of the magistrate judge's Report.

For a retaliation claim brought by a prisoner, the plaintiff must show "1) the conduct in which he was engaged was constitutionally protected; 2) he suffered 'adverse action' at the hands of prison officials; and 3) his constitutionally-protected conduct was a substantial or motivating factor in the decision to discipline him." *Carter v. McGrady*, 292 F.3d 152, 159 (3d Cir. 2002). Once a plaintiff has shown this, the burden shifts to the

2

defendant to prove that it "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." *Id.*

Magistrate Judge Smyser found that Plaintiffs' amended complaint does not allege any facts supporting a claim of retaliation for constitutionally-protected conduct. We agree with this conclusion and adopt the Magistrate Judge's Report and Recommendation. Plaintiffs' objections to the Report and Recommendation allege additional facts but do not address the insufficiency of the amended complaint. For this reason, Plaintiffs' objections will be overruled. Additionally, we conclude that the facts alleged in Plaintiffs' objections do not support a claim for retaliation.

We will adopt Magistrate Judge Smyser's recommendation to dismiss Plaintiffs' complaint with prejudice because further amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting a court may dismiss a claim with prejudice when leave to amend would be futile).

ACCORDINGLY, this 16th day of March, 2012, upon consideration of the Report and Recommendation of the Magistrate Judge (Doc. 11), to which objections were filed, and upon independent review of the record, it is ordered that:

1. The Magistrate Judge's report is adopted (Doc. 11).

2. Plaintiffs' objections (Doc. 17) are overruled.

3. Plaintiffs' complaint is dismissed with prejudice.

    4.  The Clerk of Court shall close this file.

                                 /s/ William W. Caldwell  
                                 William W. Caldwell  
                                 United States District Judge